IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER D. BALLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. CV 81-1165-S-BLW |
| v. ) | |
| ) | |
| IDAHO STATE BOARD OF ) | **ORDER** |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in the above-entitled matter is Plaintiffs' Petition for the Award of Interim Attorneys Fees and Costs (Docket No. 769). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

### FACTUAL BACKGROUND

The detailed history of the *Balla* cases was set forth in the Court's May 28, 2009 Memorandum Decision and Order, Docket No. 768, and is incorporated by reference into this Order. Plaintiffs now seek reimbursement for attorneys fees directly and reasonably incurred in the monitoring and enforcing the *Balla* injunctive relief for the period of December 11, 2007 through June 22, 2009 in the amount of $77,608.20 and costs in the

amount of $2,249.20 as well as costs for a class representative, Mr. Barry Searcy, in the amount of $269.10.  The Defendants object to the requested fees and costs on numerous grounds including that the motion is untimely, the Plaintiffs were not the prevailing party, the legal issues did not need to be addressed, the hourly rates are not properly calculated, and the number of hours are excessive.

This Court has previously awarded interim attorneys fees and costs to Stoel Rives in the amount of $17,747.60 for fees and $486.06 in costs. *See* Order, December 18, 2007, Docket No. 724.  The Court also awarded additional fees for attorneys fees associated with the petition for fees $4,776.65 and $63.60 in costs to Plaintiff Searcy.  *See* Order, October 21, 2008, Docket No. 733.

The Court having reviewed the record in detail finds that certain attorneys fees and costs should be awarded, postage and some office supply costs for Mr. Searcy should be awarded and a plan for future monitoring should be developed.

## ANALYSIS

**1. Timeliness**

Defendants argue that the petition of fees and costs should be denied as it was not filed within fourteen days of the Court's ruling granting the motion for clarification and denying the motion for contempt on May 28, 2009.  This argument is not well-taken.  The Court's Order of May 28, 2009 (Docket No. 768) was not a final order and Plaintiffs were seeking interim fees for on-going monitoring responsibilities, so the fourteen day deadline for final judgments is not applicable.  The Court further finds the petition for fees and

costs filed on June 23, 2009 (Docket No. 769) was filed in a timely manner after the Court's May 28, 2009 ruling and consistent with this Court's appointment of Stoel Rives for monitoring on behalf of the class.

## 2. Prevailing Party

It is undisputed that Plaintiffs were the prevailing parties in *Balla I, II and III*. Plaintiffs argue they are entitled to recover for monitoring expenses directly and reasonably related to the enforcement of such injunctions. Defendants argue the Plaintiffs are not entitled to fees as they were not the prevailing party on their motion for contempt and the motion for clarification was not necessary. The Court respectfully disagrees with Defendants.

The Prison Litigation Reform Act ("PLRA") applies to all civil rights actions by prisoners. The PLRA limits the availability of attorneys' fees under § 1988 "[i]n any action brought by a prisoner who is confined to any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(d)(1). Under the PLRA, attorneys fees can be awarded for post-judgment work in enforcing and monitoring the court's prior judgments. *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002). The Plaintiff need not prove a new constitutional violation. *Id.* at 834-35. Attorneys fees incurred to preserve the fruits of of prior judicial remedies are within the purpose and scope of the attorneys' fees provisions of 24 U.S.C. § 1988. *Plyler v. Evatt*, 902 f.2d 273, 281 (4th Cir. 1990). The attorneys fees requested must be "directly and reasonbly incurred in enforcing the relief ordered" for violation. *Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002).

While it is true that a critical factor in determining the reasonableness of a fee award is the degree of success obtained, district courts have great discretion in assessing the reasonableness of any attorneys fees and the relationship between the extent of success and the fee awarded. *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003). In this case, the Court granted the Plaintiffs' motion for clarification and while the Court did not grant the motion to hold the Defendants in contempt, the Plaintiffs played a key role in monitoring and working with the IDOC to resolve the overcrowding issue that arose in January 2009 when a large number of inmates were transferred to ISCI. It was undisputed that overcrowding conditions existed for a short period of time while the IDOC was implementing a housing plan for the transferred inmates and after a inmate riot in the unit had occurred. The Court held that the IDOC did not intentionally violate the *Balla* injunction and the overcrowding only occurred for a short time and these facts did not warrant finding the Defendants in contempt.

Moreover, this Court had previously appointed Stoel Rives for the specific purpose of monitoring the injunctive relief of the *Balla* cases. The State of Idaho should not be surprised that the attorneys appointed to represent the new class representatives approved by the Court in December 2007, have incurred fees monitoring compliance and bringing motions when there is a need for clarification or to ensure the injunctive relief is being complied with by the IDOC at ISCI. The Court finds the legal services provided by Stoel Rives are within the purpose of § 1988 and were "inextricably intertwined with those on which the plainiff[s] prevailed. *See Cody v. Hillard*, 304 F.3d at 772. Further, the Court

finds the legal services were directly and reasonably incurred in monitoring the *Balla* injunctions.  Id.

### 3.  Necessity of the Clarification Motion

Next, Defendants argue the Plaintiff's motion for clarification was not necessary. The Court respectfully disagrees.  After all the litigation involving possible termination of the injunctive relief, the Plaintiffs' attorneys requested clarification as to the status of the injunctions and such was granted by the Court.  While Defendants now claim the motion was unnecessary, their legal positions in earlier proceedings and in response to the motion for clarification establish the motion for clarification was necessary.

### 4.  Hourly Rates

Having determined the Plaintiffs are entitled to the award of attorneys fees, the Court will now consider the applicable hourly rate and the reasonableness of the hours requested.  "The starting point for determining a reasonable fee is the 'lodestar' firgure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  The Court notes that the market hourly rates for the Plaintiffs' attorneys exceed PLRA cap rate, so the PLRA hourly rates are presumptively reasonable.

Defendants argue that the applicable hourly rates should be reduced to 150% of the actual CJA rates being paid to attorneys in the District of Idaho.  This argument was specifically rejected by the Ninth Circuit in *Webb v. Ada County*, 285 F.3d 829 (9th Cir. 2002), where the court held that the PLRA cap is calculated by taking 150% of the CJA

hourly rated approved by the Judicial Conference, not the hourly rate actually funded by Congress. Accordingly, the effective hourly rates for work done between December 2007 and March 10, 2009 is $169.50 per hour for an attorney and $177.00 for work provided from March 11, 2009 to June 2009 when the hourly CJA rate approved by the Judicial Council was increased.

Plaintiffs argue that the Court should set the hourly rate at $177.00 for all hours performed as counsel has been delayed from receiving payment for the services and in light of the market rates normally charged by counsel. This Court disagrees. Plaintiffs' counsel agreed to take this case at the PLRA rates in effect at the time they accepted representation. Therefore, the Court will award hourly attorneys fees at the rate in effect when the work was performed, not when the request for fees was submitted.

As to case assistants or paralegals, the Plaintiffs have submitted an hourly rate of $90 for Melanie Miller and $65 for Rachel Murray. The Court finds that the paralegal hourly rate of $90 is excessive in this type of case. In the previous petitions for attorneys fees the hourly rates submitted for case assistants by Stoel Rives was $35 per hour. See Docket Nos. 714-2 and 726. One of the case assistants listed in the previous requests was Melanie Miller. Docket No. 726. The Court has not been provided with justification for an hourly increase of $55 per hour for Ms. Miller's services between supplemental request in January 2008 and services provided later in 2008.

The Court agrees it is wise and in the client's best economical interests for attorneys to use paralegals for certain litigation duties, however, the reimbursement for

such paralegal services must be reasonable based on the type of litigation and the nature of the duties performed by the paralegal. Based on the Court's experience with the market rate for paralegals working on this type of case in the Treasure Valley and the description of the duties performed in this case by the case assistants, the hourly rate approved for case assistant or paralegal services will be set at $65.00 per hour which is a $30 per hour increase from previous awards in this case and is justified based on the market rates provided by counsel.

5. **Hours**

    A. Monitoring and Litigation Hours

The Court has completed a detailed analysis of the fees requested. The Court notes that the on-going monitoring hours between December 10, 2007 and December 2008 were as follows:

| Month | Hours |
| --- | --- |
| December 2007 | 5.4 |
| January 2008 | 3.5 |
| February 2008 | .6 |
| March 2008 | 7.6 |
| April 2008 | 2.8 |
| May 2008 | 36.8 |
| June 2008 | 15.3 |
| July 2008 | 9 |
| August 2008 | 32.1 |
| September 2008 | 10.2 |
| October 2008 | 7 |
| November 2008 | 1.1 |

   December 2008     21.9
    Total       153.3
    Average per month  11.79 at $177 per hour = $2,087

From January 2009 to June 2009, the nature of the monitoring and motions practice was based on the need for clarification of previous orders and the Plaintiffs' motion to hold Defendants in contempt. These matters were hotly contested and are not indicative of normal monitoring fees.

The Court finds the average monitoring hours are not excessive and supported by detailed descriptions of attorney and/or paralegal services provided. The hours related to litigation of the motion for clarification and the motion for contempt appear reasonable to the Court based on the description of the services provided. Accordingly, the requested hours through June 2009 are deemed reasonable by the Court.

  B.  Fees on fees

Attorneys are generally entitled to file a request for an award of attorney's fees for submitting the fee application. *See Thompson v. Gomez,* 45 F.3d 1365 (9th Cir. 1995). This is the third petition for interim attorneys fees filed by Stoel Rives. The attorneys fees associated with the current petition (and included in the above total hours being allowed) are 39.3 hours at $177.00 for a total of $6,956.10. This does not include the fees associated with filing the supplemental petition for the costs of Mr. Searcy (Docket No. 771) or the reply briefing (Docket No. 774). Because this is the third petition for interim fees filed by Stoel Rives in the past three years, the Court finds the amount of time

required for filing a third motion for interim payment was somewhat excessive. The law has not changed regarding the award of fees since the earlier petitions and the legal issues presented in the petition were not complex. The Court will award a total of 39.3 hours for all legal work associated with the current petition, but no additional or supplemental requests related to the motion for fees will be entertained by the Court.

Therefore, based on the minor changes to the hourly rates submitted and the reasonableness of the hours worked, the total attorney and paralegal fees awarded will be $76,185.60.

**6. Costs**

Plaintiffs' attorneys' request $2,249.20 in costs primarily for photocopies associated with the case. Defendants object and argue pursuant to Dist. Idaho Loc. Civ. R. 54.1 (c)(5) "the cost of reproducing copies of motions, pleadings, notices and other routine case papers is not taxable." The Court has previously awarded Plaintiffs' counsel costs for photocopying when it first became involved in the case. The Court agrees with Defendants that the photocopies in the normal course of representation should be absorbed in the hourly rate being charged by the attorney. However, much of the cost in copies is related to special copies of United States District Court files and a small amount of special postage for a total of approximately $778 which should be allowed since Stoel Rives has not been involved in the case since its inception. Additionally, "the cost of an exhibit necessarily attached to a document (or maybe part of a deposition transcript) required to be filed and served is taxable." Dist. Idaho Loc. Civ. R. 54.1(c)(5). The

Court cannot determine from the affidavit of Mr. Sinclair which photocopies were necessary as attachments to pleadings but assumes this number would not exceed $400. The Court finds that the costs for copies is reasonable, but not entirely allowable under Dist. Idaho Loc. Civ. R. 54.1. Accordingly, the Court will award 50% of the costs requested or $1,124.60 in costs.

The Court has also reviewed the supplemental cost affidavit of Plaintiff Searcy contained in Docket No. 771. Mr. Searcy requests reimbursement for postage in the amount of $26.94, books, copies and documents purchased in the amount of $80.05, office supplies in the amount of $66.71 and a typewriter expense of $95.40. The Court finds as reasonable costs the postage of $26.94 and $20 in office supplies. Plaintiff is represented by counsel and the books are not a necessary expense that the Defendants should have to pay. The Court also finds the cost of the typewriter for a plaintiff is not a required tool to litigate this action nor is it a cost normally taxed under the local rules. Therefore, the Court will award costs of $46.94 to be paid to Mr. Searcy.

## FUTURE MONITORING

The Court appreciates Stoel Rives agreeing to accept representation of the Plaintiffs in this on-going prisoner case. The Court also acknowledges that the State of Idaho has raised valid concerns regarding the expense to the taxpayers of continuing to monitor the injunctive relief granted by previous orders. The Court will schedule a status conference to discuss with counsel the manner in which monitoring shall occur in the future and whether this case should continue to be reopened or have new actions filed if

there are future violations.

The federal courts do not want to be involved micro-managing the state prisons. When the actions of state corrections officials have been found to rise to the level of a constitutional violation, this is bad for the state corrections department as well as the inmates. While the Court is confident that state officials are acting in good faith in attempting to comply with conditions of confinement that satisfy the constitution as well as any fiscal restraints set by the legislature, this Court has a duty to ensure that past violations are prevented from reoccurring and one mechanism for doing this is on-going monitoring until it is necessary to raise a legal issue to the court and counsel can then move for re-appointment. Defendants argue this is not the least intrusive method available to ensure compliance. Plaintiffs believe monthly monitoring is necessary to ensure compliance.

The *Balla* injunctive orders arise from a class action lawsuit, therefore, the Court appointed counsel to represent the interests of the class members because inmates cannot proceed *pro se* in a class action. The Court looks forward to sharing ideas with counsel on the best method to achieve both oversight and compliance while limiting attorneys fees as much as possible to those times when the Court needs to resolve legal issues.

**ORDER**

Being fully advised in the premises, the Court hereby orders that Plaintiffs' motion for attorneys' fees and costs (Docket No. 769) is GRANTED IN PART AND DENIED IN PART consistent with this Order. Plaintiffs shall be awarded $76,185.60 in fees,

$1,249.20 in costs incurred by Plaintiffs' attorneys and $46.94 in postage and office supply costs for Mr. Searcy. The fees and costs shall be paid within thirty (30) days of the date of this Order.

The Court's in court deputy shall contact counsel for an available date for the conference regarding future monitoring.



DATED: **March 30, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge