UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER D. BALLA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO STATE BOARD OF CORRECTION, et al.,<br><br>Defendants. | Case No. 1:CV 81-1165-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

After the completion of the recent litigation on Plaintiffs' motion for clarification and motion for contempt, the Court ordered Defendants to pay attorneys' fees and costs to Plaintiffs within 30 days. (Dkt. 775.) Defendants have now filed a Motion to Stay the execution of that Order pending their appeal to the Ninth Circuit Court of Appeals. (Dkt. 777.) They have also asked the Court to waive the requirement that they post a supersedeas bond as a condition of receiving a stay. (Dkt. 777-1, p. 1-2.)

Rule 62(d) of the Federal Rules of Civil Procedure provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." The purpose of the bond requirement is to protect the non-appealing party's rights while recognizing that "there can be no certainty about who is in the right until the appeals are done." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1084 (9th Cir. 2009). Still, a district court retains the

**MEMORANDUM DECISION AND ORDER - 1**

discretion to stay the enforcement of a judgment without requiring the losing party to post a bond. *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir.1989), vacated on other grounds, 929 F .2d 1358 (9th Cir. 1990). This is an equitable decision, and the court should consider (1) the likelihood of success on the merits, (2) the extent of irreparable injury if a stay does not issue, (3) the balance of the hardships, and (4) the public interest. *United States v. Peninsula Communications*, *Inc.*, 287 F.3d 832, 838 (9th Cir. 2002).

Defendants have chosen not to address these factors directly in their briefing. Instead, they rely on a test from the Seventh Circuit that focuses primarily on the ability of a governmental entity to pay an adverse judgment. Because the Ninth Circuit test weighs traditional equitable concerns, the Court finds it to be more appropriate and will apply it here.

Defendants have made no showing of a substantial likelihood of success on the merits, and a recent decision from the Ninth Circuit, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010), appears to have further weakened their position. There, the Ninth Circuit held that an award of attorneys' fees for monitoring and enforcing the terms of a judicially approved settlement agreement in an prison civil rights case was an appropriate exercise of the district court's authority under 42 U.S.C. § 1988. *Id*. at 451-52. That was also one of the primary reasons for this Court's decision to award fees and costs in the present case.

Defendants have also not shown that they will be irreparably harmed if the stay is

**MEMORANDUM DECISION AND ORDER - 2**

not granted or if a supersedeas bond is required before a stay is entered. Part of their argument for waiving the requirement of a bond is that the State, the real party in interest, is financially solvent and will be able to pay the fees and costs if they lose on appeal. This argument cuts both ways, however; while financial stability may make future payment more certain, it "also makes a supersedeas bond little more than a minor inconvenience." *O'Callaghan v. SPX Corp.*, 2010 WL 299497 at * 2 (E.D.Mich. 2010).

Though Defendants note that delaying the payment of attorneys' fees to counsel who accepted the case in a pro bono capacity may not impose the same degree of harm as delaying a judgment for money damages (Dkt. 783, p. 2), Plaintiffs nonetheless have an interest in obtaining prompt collection of fees and costs, or at least security that fees and costs will be paid. And while the public interest might not be best served by requiring a transfer of taxpayer funds directly to Plaintiffs' counsel, which may then need to be recouped after the appeal, Defendants have not shown how the public interest would be harmed by posting a bond prior to obtaining a stay.

For these reasons, Defendants are not entitled to a stay without the necessity of posting a bond.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Stay Execution of Order Pending Appeal (Dkt. 777) is DENIED. Within fourteen (14) days of the date of this Order, Defendants shall pay the fees and costs awarded to Plaintiffs by the Court's March 30, 2010 Order (Dkt. 775, pp. 11-12), or post a supersedeas bond to obtain a stay in

**MEMORANDUM DECISION AND ORDER - 3**

accordance with Rule 62(d) of the Federal Rules of Civil Procedure.



DATED: **July 28, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 4**