UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER BALLA, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>IDAHO STATE BOARD OF CORRECTION, et al.,<br><br>                Defendants. | Case No. 1:81-cv-1165-BLW<br><br>**ORDER** |

       In its May 19, 2010 Notice of Preliminary Case Management Order (Dkt. 780), the Court outlined an approach to managing this 30-year-old case in a way that minimizes oversight, both by the Court and by counsel, while protecting the rights of the inmate class. The main pillars of the Court's suggested approach were: (1) to require a brief investigation by Plaintiffs' pro bono counsel into "*Balla I*" compliance issues; (2) if counsel did not find areas of non-compliance, or if *Balla I* relief could no longer be effectively enforced due to changing conditions and the passage of time, the Court would consider *Balla I* to be "closed," and new actions could be brought that would more accurately reflect current practices; and (3) monitoring by Plaintiffs' counsel would be drawn down as long as Defendants showed a willingness to remain in compliance with the injunctive orders in *Balla II* and *III*. (Dkt. 780, pp. 1-3.) The Court also expressed a

**ORDER - 1**

preference to refer all disputes to mediation. (*Id*.)

In response, Plaintiffs allege that Defendants are continuing to violate their Eighth Amendment rights with respect to medical treatment (including medical diets) and psychiatric care, areas that *Balla I* injunctive relief was intended to address. (Dkt. 784.) Plaintiffs argue that the Court cannot "close" or terminate *Balla I* without first finding that there are no current and ongoing violations of the Eighth Amendment. (*Id*. at 12-13.) They also contend that to the extent that conditions may have changed in the intervening years, the Court must modify relief to fit those conditions rather than terminate the injunction. (*Id*. at 13-14.) Plaintiffs request that the Court appoint a special master or an expert who could assist in investigating, evaluating, and addressing these complex issues. (*Id*.)

Defendants, in contrast, contend that the appointment of a special master is not warranted, and they urge the Court to take no action at this time. (Dkt. 791.) Alternatively, Defendants suggest that the appointment of an expert under Rule 706 of the Federal Rules of Civil Procedure would be less intrusive than a special master. (*Id*. at 13.)

After considering the parties' written submissions and oral arguments, the Court finds that Plaintiffs have come forward with evidence that supports colorable allegations of continuing class-wide Eighth Amendment violations with respect to inadequate medical and psychiatric care, and Plaintiffs have persuaded the Court that it cannot

ORDER - 2

"close" *Balla I* under these circumstances.[1] *See Gilmore v. California*, 220 F.3d 987, 1000 (9th Cir. 2000). In its current posture, however, the case languishes in a sort of no-man's land, with neither side apparently ready or willing to take the offensive, which does not further the Court's goal of moving the case in a positive direction, decreasing oversight, and protecting the rights of the inmate class. In short, the Court and the parties need assistance in breaking this stalemate and moving toward finality.

The Prison Litigation Reform Act (PLRA) authorizes a district court to appoint a special master when necessary in a prison conditions case, "who shall be disinterested and objective and who will give due regard to the public safety, to conduct hearings on the record and prepare proposed findings of fact." 18 U.S.C. § 3626(f)(1)(A). Rule 53 of the Federal Rules of Civil Procedure also permits a court to appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if the appointment is warranted by ... some exceptional condition." Fed. R. Civil P. 53(a). Under the PLRA, a court may appoint a special master during the remedial phase of an action only upon a finding that the phase will be "sufficiently complex to warrant the appointment." 18 U.S.C. § 3626(f)(1)(B). A special master appointed under these provisions is compensated "with funds appropriated to the Judiciary," at an "hourly rate not greater than the hourly rate established under section 3006A for payment of court-appointed counsel." 18 U.S.C. § 3626(f)(4).

---

[1] The Court finds only that the allegations show "colorable" Eighth Amendment violations in the sense that the claim has sufficient substance at this stage that it cannot be dismissed summarily.

**ORDER - 3**

The Court agrees with Plaintiffs that the most cost-effective and efficient route to resolving the unique challenges posed by this difficult case is through the appointment of a special master. The Court finds that the remedial phase is sufficiently complex to warrant such an appointment, 18 U.S.C. § 3626(f)(1)(B), and the Court is not persuaded by Defendants' argument that the status quo is a desirable option. Defendants' contention that a change in circumstances regarding the delivery of medical care since the *Balla I* injunctive relief was ordered is premature and may be addressed during subsequent proceedings.

Each side will have an opportunity to submit the names of not more than five candidates who can serve as a special master in this case. 18 U.S.C. § 3626(f)(2)(A). Each side will then be permitted to strike up to three of the opposing side's candidates, 18 U.S.C. § 3626(f)(2)(B), and shall offer proposed instructions to govern the scope of the special master's authority and duties. The Court will thereafter select one of the remaining candidates, and will instruct the special master as to his or her duties in the case.

## ORDER

IT IS ORDERED:

1. On or before February 7, 2011, the parties shall submit the names of no more than five candidates who are qualified to serve as special masters given the facts and circumstances in this case.

2. On or before March 4, 2011, the parties may strike up to three candidates

from the opposing side's list.

3. Also on or before March 4, 2011, the parties shall submit to the Court proposed instructions for the Court to give the special master, which shall address the areas listed in Rule 53(b)(2) of the Federal Rules of Civil Procedure, to the extent they are applicable.

DATED: **January 6, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge