UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|   |   |
|---|---|
| WALTER D. BALLA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> IDAHO STATE BOARD OF CORRECTION, et al., <br><br> Defendants. | Case No. CV81-1165-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiffs' Petition for the Award of Interim Attorneys Fees and Costs (Dkt. 857). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

### FACTUAL BACKGROUND

The detailed history of the *Balla* cases was set forth in the Court's May 28, 2009 Memorandum Decision and Order, (Dkt. 768), and is incorporated by reference into this Order. Plaintiffs now seek reimbursement in the amount of $184,634.39 for attorneys

**ORDER - 1**

fees and costs incurred in the monitoring and enforcing the *Balla* injunctive relief for the period of June 23, 2009 through July 2, 2012. The amount sought includes costs for a class representative. This Court has previously awarded Plaintiffs their attorneys' fees and costs on four separate occasions: December 9, 2005 (Dkt. 600), December 18, 2007 (Dkt. 724), October 21, 2008 (Dkt. 733) and March 30, 2010 (Dkt. 775).

Defendants do not object to Plaintiffs' petition in its entirety, but instead limit their objections to (1) the hourly rate requested for paralegal Brandi Boas, (2) certain activities billed by Ms. Boas that Defendants' characterize as "clerical," and (3) certain activities billed by attorney Jason Prince that Defendants argue are not related to any of the *Balla* injunctions. (Dkt. 861 at 3.)

The Court having reviewed the record in detail finds that certain attorneys fees and costs should be awarded, as well as out-of-pocket costs for Mr. Searcy.

## ANALYSIS

**A.     ATTORNEY FEES**

It is undisputed that Plaintiffs were the prevailing parties in *Balla I, II and III*. It is further undisputed that Plaintiffs are entitled to an award of attorney fees for their reasonable monitoring activities pursuant to the fee-shifting provisions of 42 U.S.C. § 1988 and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d). Therefore, the Court will begin by considering the applicable hourly rate requested by Plaintiffs.

**1.     Attorneys' Hourly Rate**

The PLRA governs prisoners' legal actions "with respect to prison conditions."

**ORDER - 2**

See 42 U.S.C. § 1997e(a). Limitations on attorneys' fees are set forth in § 1997e(d). Among other limitations, § 1997e(d)(3) provides that "[n]o award of attorney's fees in an action [brought by prisoners in which attorney's fees are authorized under 42 U.S.C. § 1988] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, United States Code for the payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Accordingly, the Court has authority to award attorneys' fees up to 150 percent of the hourly rate for counsel established in the Criminal Justice Act, 18 U.S.C. § 30006A.

Based on the above formula, Plaintiffs claim they are entitled to $177.00 per hour for attorneys' fees incurred between June 23, 2009 and December 31, 2009, and $213.00 per hour for attorneys's fees incurred between January 1, 2010 and July 2, 2012. (Dkt. 875-1 at 8.) Defendants do not challenge Plaintiffs' requested rates as to attorneys. The Court finds the above PLRA rates to be reasonable in this instance as to the attorneys that generally bill at a higher market rate. As for the attorneys in this matter that generally bill at a market rate below the PLRA rates, the Court finds their market rate to be reasonable.

### 2. Paralegal Fees/Hourly Rate

Plaintiffs have requested an attorneys' fee award that includes paralegal rates of $150.00 for 2010, $155.00 for 2011 and $165.00 for 2012. (Dkt. 875-1 at 9.) Plaintiffs argue that the PLRA's plain language does not require any reduction of paralegal billable rates in prison litigation, provided that the paralegal rates do not exceed the PLRA's cap for attorneys. (*Id*.) Defendants argue that the paralegal rates are excessive and are

ORDER - 3

contrary to the hourly rate previously established by this Court and the Ninth Circuit in this case. (Dkt. 861 at 4.) The Court agrees with Defendants for the reasons discussed below.

Although the PLRA does not directly address paralegal fees, the Ninth Circuit has held that "attorney fees" includes separately billed paralegal fees at the market rate. *Perez v. Cate*, 632 F.3d 553 (9th Cir. 2011). However, paralegal fees are subject to the same hourly cap under the PLRA as attorney fees. *Id.* In other words, the PLRA permits an award of paralegal fees based on rates, up to, but not exceeding, the rate cap for attorney fees, so long as those rates are reasonable.

While Section 1997e(d)(3) provides no guidance on the method by which a court should determine a reasonable hourly rate for paralegal services, this Court has provided in the past that the "market rate," as well as "the type of litigation and the nature of the duties performed by the paralegal" are paramount factors. (Dkt. 775 at 7.) As to the market rate, Plaintiffs argue that the requested paralegal rates fall within the range of reasonable rates charged by paralegals providing litigation services in the Treasure Valley. (Dkt. 857-1 at 10.) To support this argument, Plaintiffs present declarations of two attorneys from regional/national law firms that state that Stoel Rives' litigation rates are in line with those of similarly situated law firms in the Treasure Valley. (*Id.*) However, Plaintiff's argument and declarations miss the mark in that they fail to state what a reasonable rate is *generally* in the Treasure Valley for *this type of case*.

Plaintiffs cite three cases from the Northern District of California for the

ORDER - 4

proposition that the "PLRA empowers a district court to award attorneys' fees based on a reasonable market for paralegals - without regard for the type of litigation services involved." (Dkt. 862 at 3.)  *See also Plata v. Schwartzenegger*, 2009 WL 2997412 (N.D. Cal. Sept. 16, 2009); *Lira v. Cate*, 2010 WL 727979 (N.D. Cal. Feb. 26, 2010); and *Perez v. Cate*, 2009 WL 2849593 (N.D. Cal. Sept. 1, 2009).  While these decisions are not binding on this Court, a close review of these cases reveals that Plaintiffs have misinterpreted these cases and that the nature of the work as to a particular geographical area is vital in determining the reasonableness of the rate.

For instance, in *Plata*, the plaintiffs requested that their paralegals be compensated at the same maximum hourly rate as their attorneys under the PLRA - $169.50.  *Plata v. Schwartzenegger*, 2009 WL 2997412, at *2.  The defendants argued that the paralegals were not entitled to the rate and that §1997e(d)(3)'s reference to "the hourly rate established under § 3006A of Title 18 for the payment of court appointed counsel" required the court to look to the rates set for paralegal services under the district's Criminal Justice Act Panel Attorney Manual, which were much less.  *Id*. at *1.  The court agreed with the plaintiffs and held that while the plain language of the PLRA does not require a reduction in paralegal rates, the statute's cap on attorney fees applies equally to paralegal rates.  *Id*. at *2.  The court then explained the following:

> Of course, simply because the PLRA sets a maximum rate does not mean that Plaintiff's are entitled to recover attorney fees' at that rate, and Plaintiffs do not dispute that they bear the burden of demonstrating that their requested fee award, including the claimed hourly rates is reasonable.  *In this case, the Court finds Plaintiffs' requested hourly rate of $169.50 to be reasonable based on the nature*

ORDER - 5

> *of the work performed by the paralegals and their experience , [citation omitted], as well as the uncontested evidence that $169.50 falls below the prevailing market hourly rate for paralegals in the San Francisco Bay area, [citation omitted].*

*Id*. (Emphasis added.)  Thus, while the PLRA does not prohibit paralegals from receiving the same maximum rate as attorneys, the rate received must be reasonable considering the prevailing market rate for such type of work in the area.

This Court determined in its March 30, 2010 Order, (Dkt. 775), that "[b]ased on the Court's experience with the market rate for paralegals working on this type of case in the Treasure Valley and the description of the duties performed in this case by the case assistants, the hourly rate approved for case assistant or paralegal services will be set at $65.00 per hour."  (*Id*.)  As Plaintiffs have not demonstrated that a rate between $150-165 per hour is now reasonable for duties performed in this type of case in the Treasure Valley, the Court leaves the rate for paralegals at $65.00 per hour.  The Court also finds the rate of $65.00 per hour to be reasonable for summer associates.

### 3. Clerical Tasks

Defendants argue that 32.3 hours of Plaintiffs' requested paralegal fees are clerical work and thus noncompensable.  (Dkt. 861 at 6.)  Plaintiffs contend that 19.2 of those hours are actually substantive legal work and should be awarded at the full paralegal hourly rate.  (Dkt. 862 at 5-6.)  As for the remaining 13.1 hours, Plaintiffs concede that "the work billed for those hours was not substantively legal in nature", but that those hours should be awarded at a reduced rate.  (*Id*. at 6-7.)  The Court determines that 19.2 of the contested hours is indeed compensable.

**ORDER - 6**

The U.S. Supreme Court has held that paralegal fees can be compensable as part of an award of attorneys' fees pursuant to 42 U.S.C. § 1988. *Missouri v. Jenkins*, 491 U.S. 274 (1989). However, the Supreme Court provided the following regarding clerical work:

> Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (CA5 1974), said in regard to the work of attorneys is applicable by analogy to paralegals: "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."

*Id*. at 288 n. 10. Thus, clerical and secretarial work are generally not compensable even if performed by attorneys or paralegals. *See also Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) vacated in part on other grounds at 984 F.2d 345 (9th Cir. 1993); and *Robinson v. Plourde*, 717 F. Supp.2d 1092, 1099-1100 (D. Hawaii 2010) (clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate).

Nonetheless, "clerical or secretarial work [can be] compensable if it is customary to bill such work separately." *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). "The key . . . is the billing custom in the 'relevant market.'" *Id*. Thus, clerical work is compensable if a party can demonstrate that billing clerical or secretarial work separately is the custom in the relevant area, as opposed to such costs being incorporated in attorneys' or paralegals'

**ORDER - 7**

hourly rates. The rationale being that attorneys should recover only those costs that are not already built into their hourly fees. *Id*.

The Court has examined in detail the paralegal fees requested by Plaintiffs as well as the fees claimed by Defendants to be clerical. The Court is satisfied that 19.2 hours of the challenged 32.3 hours is compensable at the hourly paralegal rate. As set forth by Plaintiffs, 17.2 hours involved the "piecing together of the original *Balla* compliance plans from documents provided by Defendants in response to Plaintiffs' document production requests" through "analytical review of each document." (Dkt. 862 at 5.) Such work was substantively legal, as was the 2.0 hours involved in identifying appropriate special master candidates for this case.

As to the remaining 13.1 hours that Defendants have identified as clerical, and to which Plaintiffs concede is not substantively legal in nature, the Court finds that these hours are not compensable. While Plaintiffs argue that these tasks should be compensable at a lesser rate pursuant to *Missouri v. Jenkins*, *supra*, and *Californians for Disability Rights v. California Dept. of Trans.*, 2010 WL 8746910, at * (N.D. Cal. 2010), Plaintiffs have not met their burden of demonstrating that it is customary to bill such "clerical" work separately in the Treasure Valley, rather than to incorporate such work into attorneys' and/or paralegals' hourly rates. *See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d at 1256-57.

    **4.**    **Billings Related To Potential Retaliation Against Class Representatives**

Defendants object to 20.7 hours of work billed by Mr. Prince, alleging that (1) the

ORDER - 8

work related to claims of retaliation against the Class Representatives, not the monitoring of the injunctive relief; (2) the time entries were vague and lacked specificity in identifying the claim or claimant; and (3) the work billed was not performed for this case, but instead related to Class Representative Searcy's independent, *pro se* retaliation claim. (Dkt. 861 at 6-7.) The Court agrees with Plaintiffs that the work billed concerning the protection of the Class Representatives was "directly and reasonably incurred in enforcing the relief ordered."

As set forth above, the PLRA controls the attorneys' fees award in this case. See 42 U.S.C. § 1997e. And under the PLRA, fees "shall not be awarded, except to the extent that" the fee was directly and reasonably incurred in proving a violation of the plaintiff's rights, and either the amount is proportionate to the relief ordered, or alternatively, the fee is "directly and reasonably incurred in enforcing the relief. 42 U.S.C. § 1997e(d)(1). The statute provides in relevant part:

> In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded except to the extent that -
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief order for the violation.

ORDER - 9

*Id*.

The PLRA's "prov[e] an actual violation" requirement is satisfied when the prisoners have previously won an injunction. *See Balla v. Idaho*, 677 F.3d 910, 919 (9th Cir. 2012); and *Webb v. Ada County*, 285 F.3d 829 (9th Cir. 2002). In other words, once prisoners have proved a violation, as by an injunction, the subsection (A) requirement has been satisfied. Then fees may be awarded proportionally to the relief granted, under subsection (B)(i). *Id*. Or alternatively, for monitoring, the limitation of subsection B(ii) applies: the fee is allowable only if and to the extent that it is "directly and reasonably incurred in enforcing the relief ordered" in the injunction. *Id*.

In this case, the prisoners won their injunction long ago, so subsection (A) is satisfied. The question then is whether Mr. Prince's billed work regarding potential retaliation against the Class Representatives was directly and reasonably incurred in enforcing the injunctive relief. As Plaintiffs explain in their brief, the Class Representatives play a key role in monitoring the injunctive relief. When they are subject to retaliatory action related to their participation in the *Balla* case, this directly impedes their ability to assist counsel in monitoring the injunctive relief. Plaintiffs' counsel must be able to assist in the protection of Class Representatives in order to ensure the injunctive relief is being complied with. Thus, the Court finds that Mr. Prince's retaliation work was "directly and reasonably incurred in enforcing the relief ordered."

The Court is not convinced that the billing entries are "vague," given that Defendants have in their possession requests for production of documents which provide

ORDER - 10

the scope and nature of Mr. Prince's work regarding Defendants' alleged retaliatory tactics. Furthermore, while Mr. Searcy may have an independent retaliation lawsuit pending from his service in the *Balla* case, this fact alone does not effect the appropriateness of Plaintiffs' counsel in investigating claims of retaliation against *Balla* Class Representatives.

5. **Attorneys' Fee Award**

Based on the foregoing, the Court will award the following Attorneys' Fees:

**2009**

| Name: | Hours: | Rate: | Value: |
|---|---|---|---|
| 1. J. Walter Sinclair/Partner | 3.2 | $177 | $   566.40 |
| 2. Jason Prince/Associate | 60.3 | $177 | $10,673.10 |
| **Total Hours/Fees:** | **63.5** | | **$11,239.50** |

**2010**

| Name: | Hours: | Rate: | Value: |
|---|---|---|---|
| 1. J.Walter Sinclair/Partner | 3.4 | $213 | $   724.20 |
| 2. Jason Prince/Associate | 94.6 | $213 | $20,149.80 |
| 3. Sara Berry/Associate | 15.6 | $200 | $ 3, 120.00 |
| 4. Allison/Blackman/Summer Associate | 31.8 | $65 | $ 2,067.00 |
| 5. Brandi Boas/Paralegal | 43.8 | $65 | $ 2,847.00 |
| **Total Hours/Fees:** | **189.2** | | **$28,908.00** |

**2011**

| Name: | Hours: | Rate: | Value: |
|---|---|---|---|
| 1. J. Walter Sinclair/Partner | 7.5 | $213 | $ 1,597.50 |
| 2. Jason Prince/Associate | 160 | $213 | $34,080.00 |
| 3. Allison Blackman/Associate | 18.1 | $200 | $ 3,620.00 |
| 4. Brandi Boas/Paralegal | 17.6 | $65 | $ 1,144.00 |
| **Total Hours/Fees:** | **203.2** | | **$40,441.50** |

**2012**

| Name: | Hours: | Rate: | Value: |
|---|---|---|---|
| 1. J. Walter Sinclair/Partner | 3.0 | $213 | $    639.00 |
| 2. Jason Prince/Associate | 160.1 | $213 | $34,101.30 |
| 3. W. Christopher Pooser/Associate | 12.1 | $213 | $ 2,577.30 |
| 4. Allison Blackman/Associate | 274.5 | $200 | $54,900.00 |
| 5. Brandi Boas/Paralegal | 1.7 | $65 | $    110.50 |
| **Total Hours/Fees:** | **451.4** | | **$92,328.10** |
| **Total 2009-2012 Attorneys' Fees** | | | **$172,917.10** |

**B.     COSTS**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003); *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999).

**ORDER - 12**

Plaintiffs seek $1,994.29 for costs associated with monitoring and enforcing the *Balla* injunctive relief from June 23, 2009 through July 2, 2012.  Defendants have not objected.  The Court has reviewed the costs incurred during the relevant time period and has determined that they are reasonable in light of the complexity of the litigation, the duration of the appointment and the Court's prior ruling concerning photocopying costs. (Dkt. 775 at 9-12).

Based on the foregoing, Plaintiffs' requests for costs will be awarded in the amount of $1,994.29.  Plaintiffs' counsel is also directed to reimburse Mr. Barry Searcy for his out-of-pocket costs from the costs award.

### ORDER

Being fully advised in the premises, the Court hereby orders that Plaintiffs' Petition for the Award of Interim Attorneys' Fees and Costs (Dkt. 857) is GRANTED IN PART AND DENIED IN PART consistent with this Order.  Plaintiffs shall be awarded $172,917.10 in fees and $1,994.29 in costs.  The fees and costs shall be paid within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that in the future, if Plaintiffs' counsel intend to submit a request for attorneys' fees, they shall first meet and confer with Defendants' counsel, at intervals no greater than on a semi-annual basis, to present bills for fees and costs before filing a motion for such fees with the Court.  If agreement cannot be reached

//

//

by counsel, Plaintiffs' counsel may then file a motion for attorneys' fees with the Court.



DATED: **February 8, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 14**