Case No: 1:81-CV-01165-BLW   Inmate Name: Faron Hawkins

Date: 1-18-18   Inmate IDOC#: 17833

Document Title: Declaration motion

Total Pages: 8   Inmate Initials Verifying Page Count: RH

Document(s) 1 of 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

Walter D Balla
Faron R. Hawkins etal
Plaintiff

v

Idaho Board of Correction etal
Defendant

Case No. 1:81-CV-01165-BLW

Declaration of Faron R Hawkins
Regarding conversation with Barry
Searcy class Rep and memorandum
in support of removal of class
Representatives, and Stoel and Rives
hedging of Documents of
class member "Brackitt" as
exhibit in support.

I Faron R Hawkins state the following as fact and will testify to the same.

On Jan 3rd 2018 at appox 5:20 pm in the medical unit pharmacy, under camera, Barry Searcy told me the following.

1. Stoel, Rives, Chris Posser, Elijah Watkins disclose other offender medical information, other privileged information that is protected attorney client privileged.

2. Everything Searcy does, communications with Stoel Rives are protected and class members can never know what he says, or signs with Stoel Rives.

3. Searcy admitted Stoel and Rives had disclosed my legal filings outside of Bella, such as one of my 1983 filings (for what purpose he did not say)

4. Searcy admitted he signed Stoel Rives conflict of interest document. Ask me who showed it to me. Ask me what other reps of the class had spoke to me.

5. Searcy ask me if my counsel would represent the class, after I told him Stoel and Rives admitted a clear conflict.

6. Searcy admitted he makes decisions for the class and does not need class consent or notification.

7. Searcy admitted he is paid by the defendants, by benefits, funds, his job in gym, gym pass, single cell, no transfer, preferential treatment such as high paying job, reimbursed mailing, postage, envelopes, paper pen are also available, and is sole phone access to Stoel Rives.

           (This is clear conflict)

Offenders of the class should never act as is being done here. As you can see in my case, and Bracketts, Lott, and many others, the class reps and class counsel are in direct and admitted conflict.

In some cases such as Leslie Lott and others in 16 house, medical annex, their must be a "ad litem" of sorts to ensure the medical needs are met. As many are heavily medicated, and are unably to understand the procedure to address the court. Many others I spoke to say, "the reps do nothing for us, they conspire with the IDOC. It is clear, as Searcy admits, he needs no vote or consent of the class to act as its authority to represent. This act of being paid by the defendants, Stoel Rives a party to this not only is appearance of impropriety, it looks like conspiracy to manipulate class, case, outcome.

# AFFIDAVIT OF ROBERT BRACKETT #95471

I ROBERT BRACKETT HEARBY SWEAR UNDER PENALTY OF PERJURY THE FOLLOWING STATEMENTS ARE TRUE AND MAKE DECLARATION OF THESE TRUTHFUL STATEMENTS

1. I WAS TOLD BY PA PAULSON THAT I HAVE ADENO CARCINOMA CANCER AND A 6 YR. LIFE EXPECTANCY

2. I HAVE BEGGED IDOC MEDICAL (CORIZON) TO ALLOW ME TO SEE AN ONCOLOGIST TO NO AVAIL

3. I HAD SURGERY IN WHICH APPROX. 3FT OF MY INTESTINES WERE CUT OUT

4. DR. STEVEN WILLIAMS (SURGEON) SAID ALL HE DOES IS CUT OUT WHAT HE IS TOLD TO NOTHING ELSE

5. I HAVE HAD MY SIGNATURE FORGED ON MY MEDICAL HSR

6. I HAVE BEEN IN CONTINUOUS PAIN SINCE THE SURGERY

7. I ASKED MEGAN AUSTIN (CONTRACT MONITOR) WHO'S AUTHORITY WAS

1- AFFIDAVIT OF ROBERT BRACKETT

GIVEN TO REMOVE 3 FT OF MY INTESTINE AND
SHE REPLIED "IT WAS YOUR AUTHORITY"

8. I HAVE BEEN TAKEN OFF CHRONIC CARE PUT BACK
ON CHRONIC CARE TAKEN OFF AGAIN PUT BACK
ON MANY TIMES DEPENDING ON WHO THE
DR. IS AT THE TIME

9. I HAVE A SEVERE HIP PROBLEM IN WHICH I WAS
TOLD BY P.A BUSHNELL I WAS FINE "REMARKABLE"
THEN TOLD BY P.A SUMMER I NEED MY HIP REPLACED

I HAVE BEEN FALSLY INCARCERATED FOR OVER
7 YEARS AND I BELIEVE THAT CORIZON WILL NOT LET
ME SEE A CANCER DR. (ONCOLOGIST) BECAUSE MAYBE I
WAS MIS-DIAGNOSED BY SOMEONE AND/OR THE SURGERY
WAS DONE WRONG THUS THE REASON FOR THE CONTINUED
PAIN. I BEGGED THE BALLA REP'S TO ALLOW ME TO
SPEAK TO THE COURTS DURING ONE OF THEIR HEARINGS
TO PROVE THE NON-COMPLIANCE TO NO AVAIL. I HAVE
CONCERN FORMS AND GRIEVANCES TO PROVE ALL OF THE ATTEMPTS
TO GET HELP. CAN SOMEONE HELP? THERE IS FROM WHAT I
HAVE EXPERIENCED IN THIS STATE NOT A ONE HONEST PERSON IN
AN AUTHORITIVE POSISITION ALL HAVE BEEN INCAPPABLE OF TRUTH
AND/OR FAIRNESS

Robert Brackett # IDOC 95471
ROBERT BRACKETT # IDOC 95471

DATE: DECEMBER 26, 2017

2- AFFIDAVIT OF ROBERT BRACKETT

## Declaration

I Faron R Hawkins do hereby state the following to be true and will testify to:
I am a balla class member who personally held and read documents that were produced from balla Counsel "Steel Rives" Chris Pesser, Elijah Watkins. The documents states that Steel Rives LLP admits to a conflict of interest that impacts its ability to represent the balla class members to the extent that it has or could compromise its ability to fully defend the balla class to its fullest ability, duty, under ABA standards.
Steel Rives ask the Balla representatives to give consent to allow Steel Rives to continue to represent the balla class or withdraw to obtain new counsel without a conflict. Each representative read, sign, checked the box to keep Steel Rives instead of asking for new counsel or requiring steel Rives to commit to fully defending Balla. All reps signed except Dennis Slaughter, who had deceased written in for his Signature. Documents make it clear that steel Rives have a real concern that their ability to represent the class is or will be impaired. Steel Rives make it clear that they, their firm and or attorneys has had an adverse effect regarding their representation before the United States court. Review of the documents by my legal adviser, including exchange of communication, there is a clear issue that the United States Judge's in the case and steel Rives has a fragile working relationship, that it appears to be impacting the outcome of the case. By Steel Rives LLP gaining the reps signatures, it legally allows Steel Rives to limit their scope of representation and liability of Steel Rives. This infact creates a comparative liability against the class reps if any class member sues Steel Rives for legal malpractice in its failure to fully issue and or defend balla class. Class members must sue class representatives for their informed consent signatures and to obtain all documents, communications between Steel Rives and the class representatives who were never voted on by class to represent and are chosen and paid by the IDOC and defendants, another clear conflict of interest. I personally spoke to Barry Searcy on Jan 3rd 2018 at 5.20 pm in the pharmacy under camera with two other offender class members listening as directed by my counsel. Searcy admitted he, and the other reps had received and signed the documents, said he has attorney client privilege and did not have to disclose his communications with Steel Rives, nor did not need to get the consent of the class to make decisions regarding the class or for the class. Searcy admitted his Job, pay, Single cell, no transfer, postage, paper, phone etc... are all paid by the IDOC and or defendants as a benefit of him being a class rep. I ask him why would any client continue to be represented by a firm Steel Rives who states there is a conflict, we will need to put our firm before you if it comes down to it, as per American Bar Assn standards. Searcy ask me who leaked the information, I ask him why he did not disclose this to the class. I have been told Steel Rives will limit their representation, giving a unfair advantage to the state and the Balla medical Claim section will be dismissed, without appeal. Demand full audit of class, as I have other class members exhibits, one is mailed.
Dated this 7th Day of Jan 2018

_LHawkinsMM_

Steel Rives not only have the appearance of impropriety they admit to a very real concern in their office, with their firm of clear conflict. A violation under American Bar Assn and Idaho Bar. Yet they fail to advise the Balla Class, instead in secret notify their appointed (IDOC appointed) class representatives who have never been voted on or ratified by class to represent to sign a informed consent liability waiver of sorts.

Steel Rives knows that the class reps should have been given a third party counsel to advise the reps as to what their signing of the documents meant, as steel Rives do not make it clear that the documents are only to benifit Steel Rives, and do not state that by signing the documents they (steel Rives) liability can be argued to be limited in any future lawsuits because steel Rives can claim they advised the reps. I have been advised that steel Rives can now argue that:

1  They have the right to limit the scope of their representation if it would adversely effect steel Rives.

2  They can limit claims, argumement, representation.

3  They can knowingly give the state a unfair advantage by simply refusing to direct to the defense claims if by doing so the firm may be admonished by court

Since I was told Searcy has been hunting who leaked the information along with Chris Posser, Elijah Watkins Steel Rives

I made sure my conversation with Searcy was

    1 under Camera
    2 with two other offenders listening.

The room was very crowded and provided the best environment.

If any rep or Steel and Rives deny my claims, signatures on conflict documents from Steel Rives, letters etc... I will not only sue for slander and defamation, I will allow other class members to enter a class against Steel Rives and IDOC and Reps.

I am sure atleast one or two reps will be truthful and testify. Steel and Rives appear to have violated

    A Idaho Bar Rules
    B ABA standards
    C Admitted to Clear Conflict
        yet and the state and court

    while failing to defend the class to the fullest extent of the law.

Demand All class have direct contact with counsil
No more offender editing of claims.

No more reps telling offenders they do not have a claim, grievance so it is not even issued.

Demand class Counsel withdraws, and class be audited

Dated this 4th day of Jan 2018

        Favier R Hawkins