W. Christopher Pooser, ISB No. 5525
E-mail: *christopher.pooser@stoel.com*
Elijah M. Watkins, ISB No. 8977
E-mail: *elijah.watkins@stoel.com*
Wendy J. Olson, ISB No. 7634
E-mail: *wendy.olson@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd, Ste 1900
Boise, ID 83702
Telephone:  (208) 389-9000
Fax:  (208) 389-9040

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER D. BALLA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>IDAHO STATE BOARD OF CORRECTION, et al.,<br><br>        Defendants. | Case No. CV 81-1165-S-BLW<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD** |

Plaintiffs Walter D. Balla, *et al.* ("Plaintiffs") submit this memorandum in support of their Motion to Replace Class Representative Slaughter and Remove Class Representative Maynard.  Plaintiffs request that class representative Dennis Slaughter be replaced with the appointment of David Meister pursuant to Federal Rule of Civil Procedure 23(a)(4) and the parties' stipulations on the appointment of class representatives. Plaintiffs also request the removal of class representative John Maynard, but do not seek an additional appointment as a replacement. This motion and memorandum is supported by the Declarations of John Maynard

("Maynard Decl."), Elijah Watkins ("Watkins Decl."), and Barry Searcy ("Searcy Decl.") filed herewith.

## I.  INTRODUCTION

In 2012, the parties stipulated that there would be no fewer than five class representatives during the monitoring period. This monitoring period is ongoing today. In 2015, the parties agreed to the appointment of a sixth representative due to the burdensome workload placed on the representatives and the large Spanish-speaking population.  Class representative Dennis Slaughter (inmate number 13568) recently died.  Searcy Decl. ¶ 15.  In addition, class representative John Maynard (inmate number 54248) has stopped performing his *Balla* duties. Following the death of Mr. Slaughter and the complete disengagement of Mr. Maynard, the *Balla* class is being represented by four individuals.

As a replacement for Mr. Slaughter, the class representatives have identified David Meister (inmate number 70703). Mr. Maynard is willing to step aside and Plaintiffs are not seeking his replacement at this time. Defendants do not object to Mr. Meister's appointment on security grounds but they nevertheless have not agreed to his appointment or the withdrawal of Mr. Maynard.  Watkins Decl. ¶¶ 7-10.  Defendants have also announced that they will soon file for termination, now as early as March 16, 2018.  *Id.* at ¶ 11.  Plaintiffs, at a minimum, need five fully engaged class representatives, at least one of whom will continue to have full-time duties working with Spanish-speaking class members.  Class representatives Barry Searcy (inmate number 27413), Kent Ellis (inmate number 60074), Kenneth Workman (inmate number 61342), and John McIlheney (inmate number 60799) move to appoint Mr. Meister.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 2**

95996733.4 0063811- 00006

## II. BACKGROUND

**A.    In 2012 the parties stipulated to the appointment of five class representatives and in 2015, to the appointment of six class representatives.**

Three binding agreements control the appointment of *Balla* class representatives.  First, in 2012, the parties entered into the Stipulated Motion to Modify Injunctive Relief.  Dkt. 842.  As part of that agreement the parties agreed that at all times during the compliance monitoring period there shall be no fewer than five court-appointed class representatives. *Id*. at § 8.6; Dkt. 850 at ¶ 1. The parties agreed to "negotiate in good faith a stipulation regarding the appointment of additional *Balla* Class Representatives."  Dkt. 842 at § 8.6.

Second, the Idaho Department of Correction ("IDOC") and Plaintiffs reached the stipulation in Dkt. 850. The parties agreed that any time a *Balla* class representative "no longer resides at ISCI [Idaho State Correctional Institution] for any reason, the Parties shall promptly engage in the appointment process." Dkt. 850 at ¶ 1(b). That process requires Plaintiffs' counsel to submit proposed representatives and gives IDOC five business days to indicate whether or not IDOC objects to the proposal. *Id*. at ¶ 2(a), (b).  IDOC agreed that it would only object on a good-faith belief that the proposed representative would pose a "genuine security risk to IDOC staff at ISCI or offenders housed at ISCI" as a class representative. *Id*. at ¶ 2(c).

Third, on January 29, 2015, the parties stipulated that the number of necessary class representatives be increased to six in order to handle the amount of work, the growing inmate population and the need for a Spanish-speaking class representative.  Dkts. 941, 942. The Court ordered the appointment of a sixth class representative (Dkt. 942) and six class representatives have represented the *Balla* class since January 2015.  The six class representatives represent the more than 1,400 inmates currently housed at ISCI. Searcy Decl. ¶ 3.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 3**

**B.   The *Balla* class is inadequately represented following the death of Mr. Slaughter and disengagement of Mr. Maynard.**

Mr. Slaughter passed away on October 24, 2017, while housed in the ISCI Medical Annex. Searcy Decl. ¶ 15; Watkins Decl. ¶ 6. Since that date, the *Balla* class has been represented by only five individuals. However, only four individuals continue to adequately represent the class due to the disengagement of Mr. Maynard. *Id*. at ¶¶ 12-17.

Mr. Maynard was appointed a class representative on July 25, 2012. Dkt. 860. Initially, Mr. Maynard fulfilled the roles and responsibilities that are performed by the other class representatives. Maynard Decl. ¶ 3. Such responsibilities included meeting with class members, gathering information, liaising with ISCI staff, working with class counsel, and generally monitoring Defendants' compliance with the *Balla* injunctive relief. *Id.* Mr. Maynard's services—like the services of the other class representatives—have been invaluable to class counsel's work and critical to the fair and adequate representation of the *Balla* class.

However, after the July 2015 sanctions hearing, other responsibilities began to eclipse Mr. Maynard's *Balla* duties. Mr. Maynard works full time in the estimating department of Correctional Industries. *Id.* at ¶¶ 4, 6. His $1.24 hourly wage is amongst the highest offered at ISCI. *Id.* at ¶ 5. He works at Correctional Industries from 7 am to 4 pm Monday through Friday. *Id.* at ¶ 6. Mr. Maynard is also working towards his bachelor's degree. *Id*. at ¶ 7. He is currently taking a leadership and management class through the University of Wisconsin-Platteville. *Id*.

Before and during the July 2015 sanctions hearing, Mr. Maynard missed deadlines for some of his course work because he was performing *Balla* tasks. *Id.* at ¶ 8. He believed he could "make-up" the assignments after the sanctions hearing. *Id.* Unfortunately, the professor was unwilling to grant him an extension, and he failed the course, which he had to retake. *Id.*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 4**

Mr. Maynard believes that if he fails other courses, he will not earn his degree, which may reflect poorly on him in front of the parole board. *Id.* at ¶ 9.

Faced with the difficult decision of focusing either on his job and bachelor's degree or *Balla*, Mr. Maynard made the personal choice to drop his *Balla* responsibilities. *Id.* at ¶ 10. Since July 2015, he attends the Monthly Monitoring Meetings but does not talk or participate. Searcy Decl. ¶ 13. He does not attend any other *Balla* meetings, including Nurse Monitoring Meetings or meetings among the class representatives. *Id.* He does not participate with class counsel. Watkins Decl. ¶ 5.

Other class representatives, and class counsel, have repeatedly urged Mr. Maynard to attend to his *Balla* duties, but he has not done so. Searcy Decl. ¶ 14. Mr. Maynard maintains he is unable and unwilling to do any *Balla* work because it would interfere with his job and jeopardize his ability to obtain a degree, which, in turn, could reflect poorly on his chances at parole. *Id.* at ¶¶ 13-14. He has stopped performing his class representative responsibilities.

The practical effect of Mr. Maynard's decision is that the remaining class representatives are now carrying an extra burden and have been doing so for more than two and a half years. While this situation was bearable for a period of time, with Mr. Slaughter's death and the impending motion to terminate, the current situation is no longer sustainable. *Id.* at ¶¶ 15-17. Mr. Maynard and the other class representatives are aware that their duties will increase after IDOC files for termination. Maynard Decl. ¶ 11; Searcy Decl. ¶¶ 19-21. Prior to any significant motion or hearing, the work of *Balla* class representatives increases dramatically in order to contest unfounded claims, communicate with class counsel and otherwise prepare. Searcy Decl. ¶ 19. A set of at least five fully engaged class representatives is necessary to adequately represent the class. *Id.* at ¶ 21.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 5**

95996733.4 0063811- 00006

C.      **The monitoring period continues but the parties were unable to agree to the appointment of Mr. Meister under their prior stipulations.**

The monitoring period agreed to in the Stipulated Motion continues, as the class representatives continue to monitor IDOC's compliance with the modified compliance plans. Watkins Decl. ¶¶ 12-13.  The class representatives continue to meet with class members at designated times, attend Nurse Monitoring Meetings, Monthly Monitoring Meetings, weekly class representative meetings, and routinely assist class members in bringing forth their *Balla* related issues.  Searcy Decl. ¶¶ 4-11. In addition, Plaintiffs' counsel and counsel for IDOC communicate multiple times a week on medical issues impacting the *Balla* class. *Id*.

Given the ongoing monitoring and need for a full roster of class representatives, Plaintiffs' counsel asked Defendants to stipulate to replace *only* Mr. Slaughter with the appointment of Mr. Meister but Defendants refused.  *Id*. at ¶ 4.  Defendants have no security concerns with Mr. Meister's appointment.  *Id*. at ¶ 5. IDOC has also not agreed to allow Mr. Maynard to withdraw. *Id*.

### III.  ARGUMENT

Following Mr. Slaughter's death, there were five class representatives. With Mr. Maynard's disengagement, there are now only four.  This falls below the level of six representatives the parties stipulated to in 2015. The dynamics that necessitated the increase to six class representatives in 2015 remain today, and the need for a full slate of active class representatives has only compounded.  *Id.* at ¶¶ 19-21. With IDOC's recent decision to relocate inmates to out-of-state prisons due to overcrowding and IDOC's anticipated termination motion, now, more than ever, Plaintiffs would be well served by at least six class representatives. However, at this time, Plaintiffs seek to maintain five class representatives and ask that Mr. Meister be appointed to replace Mr. Slaughter pursuant to Fed. R. Civ. 23 and the parties'

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 6**

95996733.4 0063811- 00006

stipulations. At least five active class representatives are needed to ensure the class is adequately represented during the monitoring period and in the upcoming termination proceedings, the most critical phase of this litigation.

### A. Following Mr. Slaughter's death, a new class representative should have been appointed.

Under Rule 23, class representatives must fairly and adequately protect the class's interests, and class counsel must see that those interests are being fairly and adequately met throughout the pendency of the litigation. Fed. R. Civ. P. 23(a)(4), (g)(4).

In 2012, the parties agreed that five class representatives were appropriate during monthly monitoring meets and the monitoring period. Dkt. 842 at § 8.6; Dkt. 850 at ¶ 1. In 2015, the parties agreed that six class representatives were appropriate because the workload placed on the five class representatives was unduly burdensome and because there was a need to have a representative for the large Spanish-speaking population. Dkt. 941 at 4. There has not been a change in the amount of work for the class representatives. The monitoring period continues. And with the upcoming termination hearing, the class representatives will likely have one of the highest workloads during the history of this litigation. Searcy Decl. ¶¶ 18-21. Moreover, there continues to be a significant Spanish-speaking population at ISCI.

As such, the basis for the appointment of six, rather than five, class representatives still stands. And while IDOC reserved the right to challenge the continued appointment of six class representatives, as opposed to five (Dkt. 941 at 2), there has been no change in circumstances that warrants this reduction. Upon Mr. Slaughter's death, a replacement representative should have been appointed by the parties pursuant to their stipulated procedure under Dkts. 842 and 850. Absent a security objection, which has not been presented, Mr. Meister is a proper individual to serve as a class representative and should be appointed. Mr. Meister is housed at

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 7**

ISCI and has suffered injuries that are typical of the claims or defenses of the class. Mr. Meister will be able to fairly and adequately protect the interest of the class. Plaintiffs request his appointment.

**B.    The Court should remove Mr. Maynard as a class representative because he no longer adequately represents the *Balla* class.**

Compounding the loss of Mr. Slaughter is Mr. Maynard's failure to continue to adequately serve and protect the interests of the class.  Because of this, Mr. Maynard should be removed.  Again, Plaintiffs do not seek his replacement at this time; rather, they seek only to appoint Mr. Meister.[1] The parties have agreed in the past to the replacement of a class representative in such circumstances and replacement is proper in this case.

As noted, a class representative must fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  The adequacy of representation requirement requires, in part, that the class representative will "prosecute the action vigorously on behalf of the class." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

A district court can reexamine a class representative's ability to represent the class, and "[i]f events occurring after class certification render a class representative inadequate, a court may remedy the problem by substituting a new representative." 5 *Moore's Federal Practice* § 23.25[6] (citied by *Nunez v. BAE Sys. San Diego Ship Repair Inc.*, No. 16-CV-2162 JLS (NLS), 2017 WL 5446086, at *28 (S.D. Cal. Nov. 14, 2017) (explaining that a representative who stands in conflict with the class and cannot serve as an adequate representative and should be substituted); *see also Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 617-18 (5th Cir. 1983) (if class "representatives are found to be inadequate for some reason during the course of

---

[1] Plaintiffs reserve the right to seek a replacement class representative for Mr. Maynard, resulting in six class representatives as stipulated to in 2015.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 8**

95996733.4 0063811- 00006

the class claims … the appropriate step is appointment of new representatives from the existing class, not decertification.").[2]

The reason courts routinely allow substitution of class representatives who have stopped being effective is because "[a] properly certified class has a legal status separate from and independent of the interest asserted by the named plaintiff." *Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir. 1998). If the interests of the class are being harmed, trial courts have an affirmative duty to act in order to protect the interests of the class. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) ("The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court.").

Indeed, the parties and this Court have allowed for removal and substitution of a class representative when a class representative stops fulfilling his duties. In March 2013, Plaintiffs submitted an Unopposed Motion to Remove Class Representative Lance Wood on the basis that "Mr. Wood has not participated with counsel and the other class representatives in the ongoing matters of this case to the extent required to fulfill his duties as a class representative and to fairly and adequately represent the class." Dkt. 870. The Court granted the motion. Dkt. 872.

---

[2] In prison litigation, the federal courts have recognized that a class representative's status is fluid and circumstances may change from the time of initial appointment, justifying the replacement of the representative. *See, e.g.*, *Riker v. Gibbons*, No. 3:08-CV-00115, 2009 WL 910971, at *5 (D. Nev. Mar. 31, 2009) ("If a named plaintiff's release or transfer renders him an inadequate representative, the proper remedy is to permit his substitution by a new class representative."); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998) (observing that district court may substitute other members of class as class representatives, if something happened to deprive named plaintiffs of standing or otherwise to render them inappropriate representatives of class after suit has been filed); *Robinson v. Sheriff of Cook Cty.*, No. 95 C 2205, 1996 WL 417559, at *1 (N.D. Ill. July 22, 1996) (allowing addition of plaintiff as representative because proposed representative was inadequate due to atypicality of his claims).

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 9**
95996733.4 0063811- 00006

The parties then stipulated to the appointment of a replacement. *See* Dkt. 885.

Here Mr. Maynard is not fulfilling his duties as a class representative. His academic and professional activities in pursuit of parole are commendable and should be supported. However, his ability to represent the *Balla* class is wanting and inadequate, as he is no longer fairly and adequately represents the class. To adequately represent the class, Mr. Maynard must attend all *Balla* meetings, meet with class members to gather information, work with class counsel, and take on assignments shared amongst the other class representatives. Despite the class representatives' and class counsel's best efforts, Mr. Maynard refuses to perform any of his *Balla* duties outside of attending the Monthly Monitoring Meetings. Mr. Maynard has agreed to step aside and the remaining class representatives agree that Mr. Maynard should be removed. Again, IDOC has no security objection to the appointment of Mr. Meister.

## IV.  CONCLUSION

Plaintiffs respectfully request that the *Balla* class be represented by five representatives as the parties move into termination proceedings. Following the death of Mr. Slaughter and the necessary removal of Mr. Maynard, Plaintiffs request that only Mr. Meister be appointed. This will provide the *Balla* class with five representatives, so as to comply with the 2012 Stipulation.

DATED:  March 2, 2018.

STOEL RIVES LLP

*/s/ Elijah M. Watkins*
W. Christopher Pooser
Wendy J. Olson
Elijah M. Watkins
Attorneys for Plaintiffs

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 10**

95996733.4 0063811- 00006

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2018, I served a copy of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE REPRESENTATIVE SLAUGHTER AND REMOVE REPRESENTATIVE MAYNARD** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

Mark A. Kubinski - mkubinsk@idoc.idaho.gov
Colleen D. Zahn - colleen.zahn@ag.idaho.gov
Brian V. Church - brian.church@ag.idaho.gov


/s/ Elijah M. Watkins
W. Christopher Pooser
Elijah M. Watkins
Wendy J. Olson

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REPLACE CLASS REPRESENTATIVE SLAUGHTER AND REMOVE CLASS REPRESENTATIVE MAYNARD - 11**

95996733.4 0063811- 00006