UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER D. BALLA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO STATE BOARD OF CORRECTION, et al.,<br><br>Defendants. | Case No. 1:81-cv-01165-BLW<br><br>**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF** |

In this class action case, filed against the Idaho Department of Correction ("IDOC") by inmates incarcerated at the Idaho State Correctional Institution ("ISCI"), the Court enters the following Order (1) declining to postpone the statutory automatic stay under the Prison Litigation Reform Act ("PLRA"), (2) setting a briefing schedule on Defendants' termination motion, and (3) denying Plaintiffs' request to inject new issues involving Hepatitis-C treatment into this decades-old case.

1. **Good Cause Does Not Exist to Postpone the Effective Date of the Automatic Stay**

The Court previously notified the parties of its preliminary conclusion that good cause does not exist to postpone the effective date of the automatic stay of all prospective injunctive relief in this matter under 18 U.S.C. § 3626(e)(3). *Dkt. 1262*. The Court has considered the parties' most recent positions on that issue, *see Dkts. 1264 & 1265*, and that preliminary conclusion remains unchanged.

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 1**

The automatic stay generally becomes effective 30 days after the filing of a motion to terminate prospective injunctive relief. A court may postpone the effective date of the stay for a maximum of 60 days, but only if the court finds good cause. 18 U.S.C. § 1326(e)(3). Perhaps unfortunately for overburdened district courts in this country, "congestion of the court's calendar" is not a legitimate basis for postponing the stay. *Id.*

Collecting cases from around the nation, one commentator has concluded that good cause exists to postpone the effective date of the automatic stay where "there is a strong indication in the record that a constitutional violation persists." Michael B. Mushlin, *The Automatic Stay*, 3 Rights of Prisoners § 17:10 (5th ed.) (Oct. 2018) (citing *Lancaster v. Tilton*, 2007 WL 4145963 (N.D. Cal. 2007) (sanitary deficiencies); *U.S. v. Commonwealth of Puerto Rico*, 2007 WL 1119336 (D.P.R. 2007) (physical and mental abuse); *Skinner v. Uphoff*, 410 F. Supp. 2d 1104, 1112 (D. Wyo. 2006) (inmate violence)), *judgment aff'd*, 175 Fed. Appx. 255 (10th Cir. 2006). But Plaintiffs disagree. They claim that, instead of requiring a strong indication of a constitutional violation, a court may find good cause when faced only with "*allegations* of ongoing constitutional violations," and that even if those allegations "require further factual inquiry, the existence of such allegations is sufficient to establish good cause." Dkt. 1265 at 5.

However, the argument that a party need not provide at least some evidence to establish good cause is contrary to the entire statutory scheme of the PLRA's termination provisions. If Plaintiffs were correct, and a party could provide mere *allegations* of systemic constitutional violations, good cause would exist *in every case* where any party

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 2**

objects to termination. The Court cannot reasonably read the statute in such a manner. Thus, the Court holds that, to find good cause to postpone the commencement of the automatic stay under 18 U.S.C. § 3626(e)(3), a court must find a strong indication in the record that an ongoing constitutional violation persists.[1]

The Court has reviewed Plaintiff's evidence submitted with their brief and concludes that the record does not *strongly* indicate ongoing Eighth Amendment violations. This is particularly the case with respect to prison medical treatment, given the positive report issued by the National Commission on Correctional Health Care. Though some plumbing problems have lasted longer than 72 hours, it does not appear that these issues are so frequent and widespread as to rise to the level of cruel and unusual punishment. And Plaintiffs' overcrowding/understaffing allegations are too generalized, especially with respect to the duration of the purported problems and the causation of any harm, to constitute good cause. *See Dkt. 1265-8* (Decl. of Barry Searcy). For these reasons, the Court does not find good cause to postpone the effective date of the automatic stay.[2]

---

[1] The Court disagrees with Plaintiff's assertion that the mere fact that a case is unusually complex or has a long history provides good cause to postpone the effective date of the stay. Plaintiffs rely on Judge Bybee's dissent in *Plata v. Brown*, in which he stated that "[g]ood cause presumably exists in unusually complex cases like this one." 754 F.3d at 1082 (Bybee, J., dissenting). Even if it were sometimes appropriate to assume good cause in such cases—which the Court does not read the statute to permit, nor Judge Bybee's dissent to encourage—the lack of needs-narrowness-intrusiveness findings as to most of the prospective injunctive relief in this matter would render such an assumption improper in this instance.

[2] The Court's decision is reinforced by the lack of prejudice to Plaintiffs. During the last status conference on March 20, 2019, Defendants' counsel assured Court staff that Defendants had no plans to substantially alter any of their current practices, whether or not the effective date of the automatic stay were postponed. The Court is confident in counsel's representation and, thus, does not anticipate any such changes. Therefore, Plaintiffs will suffer no prejudice from the Court's decision not to postpone the effective date

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 3**

## 2.  Briefing Schedule on Motion to Terminate

In their assertion that good cause exists for postponement of the stay, Plaintiffs also cite their need to review the massive documentation submitted in support of Defendants' termination motion before Plaintiffs file their response brief. They make much of the fact that Defendants filed their termination motion over a year after they first indicated they would file, while Plaintiffs have much less time to respond to the motion.

As an initial matter, the Court notes that the termination provisions of the PLRA do not provide any date certain by which a defendant must file a termination motion. The deadlines in the PLRA exist to require resolution of a termination motion on an expedited basis and are triggered once the motion is filed—the PLRA does not place any deadline on when a defendant must file such a motion in the first place. *See Plata v. Brown*, 754 F.3d 1070, 1077 (9th Cir. 2014) ("The PLRA does not mandate the filing of motions to terminate at any particular time."). The statute allows district courts to impose notice or disclosure requirements regarding an upcoming termination motion, but it does not allow substantial restrictions on the right to file. *Id.* at 1076 ("'If two years have elapsed since the decree was entered ... then any party is entitled to file a motion seeking termination.'") (quoting *Berwanger v. Cottey*, 178 F.3d 834, 838 (7th Cir. 1999) (omission in original).

---

of the automatic stay—even assuming that there can ever be prejudice from the operation of the automatic stay. *See Merriweather v. Sherwood*, 235 F. Supp. 2d 339, 344 (S.D.N.Y. 2002) ("No ultimate prejudice arises from a failure to postpone the automatic stay. The automatic stay does not terminate the consent judgment. It is of limited duration, and ends when the court 'enters a final order ruling on the motion' to terminate the decree. Thus, failure to postpone the stay when good cause has not been demonstrated works no injury to plaintiffs.").

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 4**

The Court sees no reason why postponement of the stay is required for Plaintiffs to be granted additional time to respond to the termination motion. The commencement of the automatic stay has nothing to do with Plaintiff's response deadline.

Though Plaintiff's response to the termination motion was initially due on March 22, 2019, the parties were informed at the most recent status conference that the Court might consider extending that response deadline. The Court will do so. Because the Court concludes that the underlying termination motion should be ripe before the deadline for the parties' opening briefing as to whether an evidentiary hearing on that motion is necessary, *see Dkt. 1263* at 1-2, Plaintiffs' response to the termination motion must be filed no later than April 19, 2019, giving Plaintiffs an additional four weeks from the original due date—for a total of seven weeks from the filing of the termination motion. Defendants' reply must be filed no later than May 10, 2019.

3.      **Hepatitis C Virus ("HCV") Issue**

In their briefing on the good cause issue, Plaintiffs also object to this Court's preliminary decision that Plaintiffs may not assert HCV treatment claims in this case. *See Dkt. 1262* at 13. They seek a formal ruling to preserve that issue for appeal.

As the Court has already noted, the issue of the IDOC's HCV treatment policy is currently the subject of another lawsuit consisting of numerous consolidated cases. *See Turney, et al. v. Atencio, et al.*, Case No. 1:18-cv-00001-BLW (D. Idaho, filed Jan. 3, 2018). Plaintiffs claim that "the transmission of Hepatitis C and IDOC's treatment of Hepatitis C are current and ongoing constitutional violations that systemically impact inmates at ISCI and must be addressed in these termination proceedings." Dkt. 1265 at 4

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 5**

n.1. But Plaintiffs have failed to explain why IDOC's policy regarding HCV treatment is not better addressed in a lawsuit that (1) includes inmates from *all* Idaho prisons; (2) includes legal representation of the inmate-plaintiffs by an attorney-physician; (3) includes Corizon, the contracted prison health care provider, as a defendant; (4) is being placed on a fast-track to address any urgent claims in a uniquely-crafted case management plan to avoid the delay-infused overlay of class action status; and (5) *specifically* focuses on the medical treatment for a particular disease—rather than in this nearly forty-year-old action, which includes inmates of only one Idaho prison, does not include Corizon as a defendant, and is broadly focused on the provision of medical treatment.

Additionally, given that HCV treatment has changed dramatically in the many years since the medical injunctions were issued in this case, and that the Court has made no needs-narrowness-intrusiveness findings with respect to IDOC's HCV treatment policy, the HCV treatment issue is in a procedural posture, essentially, to be litigated anew. The Court finds it would be infinitely more appropriate to continue to do so in the new *Turney* case. With no findings in this case about IDOC's current HCV treatment, there is virtually nothing to enforce with respect to HCV treatment as it relates to the current *Balla* injunctions.

Finally, Plaintiffs have provided no evidence regarding IDOC's HCV treatment. Instead, they state that "[i]nmates are exposed to communicable diseases due to IDOC's failure to provide medical care that would reasonably stop or slow transmission. Such

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 6**

risks include infections of MRSA, Hepatitis C, and post-surgical infections." *Dkt. 1265, 1265-8*. This statement is woefully insufficient for the Court to conclude that this action is a better vehicle for the Court to adjudicate the constitutionality of IDOC's HCV treatment policy than the *Turney* case.

## ORDER

**IT IS ORDERED:**

1. Because good cause does not exist for postponement of the statutory automatic stay under 18 U.S.C. § 3626(e)(3), the parties' previous Stipulation for Entry of Order Postponing the Effective Date of Automatic Stay (Dkt. 1258) is DENIED. The automatic stay of all prospective injunctive relief in this case will go into effect, by operation of law, on March 31, 2019. *Id.* § 3626(e)(2).

2. Plaintiffs' request to include issues of HCV treatment in this action (contained in Dkt. 1265) is DENIED.

3. Plaintiffs' response to Defendants' Motion to Terminate Prospective Relief must be filed no later than April 19, 2019. Defendants' reply must be filed no later than May 10, 2019.

DATED: March 28, 2019

B. Lynn Winmill
U.S. District Court Judge

**ORDER RE: AUTOMATIC STAY OF PROSPECTIVE INJUNCTIVE RELIEF - 7**